## FRANK BLAKE v. STATE.

No. A-8566.   Aug. 4, 1933.
(24 Pac. [2d] 362.)

Clifford W. Ferguson and Rizley & Sweet, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  Plaintiff in error, hereinafter called defendant, was convicted in the county court of Texas county of having unlawful possession of mash fit for distillation, and was sentenced to pay a fine of $250 and to serve a term of 60 days in the county jail.

At the time charged, officers, with a search warrant, went to the premises of one Regier, a tenant on a farm belonging to defendant, made a search, and discovered six barrels of whisky mash.   Defendant, Regier, and one Wil-

hite were jointly charged. Wilhite pleaded guilty, served the sentence imposed, and testified for the state. The state took a severance, and Regier was also used as a witness for the state. These two witnesses are accomplices, and clearly made out the state's case. In addition, the wife of Regier testified in corroboration.

The only contention argued is that the wife of Regier is also an accomplice and that there is no sufficient corroboration of the accomplices.

Section 2701, C. O. S. 1921, section 3071, Okla. Stat. 1931, forbids the conviction of an accused upon testimony of an accomplice unless such testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense charged. With this contention there is no dispute, and, if the wife of Regier is an accomplice, the conviction cannot stand.

The witness in substance testified that some days prior to the date at which the mash was discovered she saw defendant and Wilhite preparing the mash, that later defendant brought some yeast to the place and left it with her. There is nothing in the testimony that makes this witness an accomplice. It appears she knew the crime was committed, and stated she remonstrated with her husband, but this latter testimony was stricken. It does not appear that she willingly participated in the commission of the crime charged, or encouraged, abetted or aided in it.

The test as to whether one is an accomplice is whether his participation in the offense has been criminally corrupt. 16 C. J. 670, 671.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.